UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY F. SHACHTER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO,[*] <br><br> Defendant. | No. 19 CV 6267 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

The City of Chicago fined plaintiff Jay Shachter for overgrown weeds on his property. He alleges that the City's hearing officers, who adjudicate local offenses, are biased in favor of the City, in violation of his due process rights under the U.S. Constitution, and that the hearing officer who fined him made mistakes of fact and law. He seeks review of the administrative decision and a declaration that the system of administrative hearings is unconstitutional. The City moves to dismiss Shachter's complaint. The motion is granted.

I.  **Legal Standard**

A complaint must contain a short and plain statement that plausibly suggests the violation of a legal right. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). At the motion

---

[*] The complaint listed the Department of Streets and Sanitation and the Department of Administrative Hearings as defendants in the caption to comply with state procedural requirements for review of agency decisions. For purposes of the federal claim for a declaratory judgment, the City of Chicago is the sole defendant.

to dismiss stage, I assume all factual allegations are true and draw all reasonable inferences in plaintiff's favor, but do not accept legal conclusions, bare assertions, or conclusory statements. *Iqbal* at 678–79. Documents attached to the complaint and information subject to judicial notice, like city ordinances and public records, can be considered. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013); *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); Fed. R. Evid. 201.

## II. Background

The City of Chicago's Streets and Sanitation Department reported Jay Shachter in violation of an ordinance that requires property owners to cut or control all weeds so that the average height does not exceed ten inches. Chi. Mun. Code § 7-28-120(a); [1] at 4.[1] At the hearing, an administrative law judge from the City's Department of Administrative Hearings ruled that Shachter violated the code and fined him $600.00 plus $40.00 in costs. [1] at 4. The finding was contested. *Id.* Shachter filed this federal lawsuit, alleging the City violated his constitutional right to a neutral adjudicator. [1]. In Chicago, the Mayor appoints the director of the Department of Administrative Hearings, who is responsible for hiring administrative law judges, also known as hearing officers.[2] Chi. Mun. Code §§ 2-14-010; 2-14-030(2). Hearing officers are employees of the City's Department of Administrative Hearings,

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

[2] Shachter and the City refer to the Department of Administrative Hearings' adjudicators as "hearing officers." The parties use the term "hearing officer" and "administrative law judge" interchangeably.

not the municipal department that issues or prosecutes the violation. *See* Chi. Mun. Code § 2-14-076(c). Shachter alleges that because hearing officers are hired as independent contractors for a single day, they have an incentive to rule in favor of the City to secure future employment. [1] ¶ 6. He also alleges that the City's power to assign cases to hearing officers and reassign them if the case continues to the next day creates a structural bias, along with the City's lack of a recusal mechanism for hearing officers accused of prejudice, and the City's failure to exercise oversight over refusals to recuse. *Id.* ¶¶ 7–8.

Shachter requests a declaration that the City's system of administrative hearings is unconstitutional and that all of its decisions are void, and a reversal of the hearing officer's decision. I interpret Shachter's pro se complaint to allege a federal due process claim under § 1983 of the Civil Rights Act, and a state-law claim for review of the administrative decision under the Illinois Administrative Review Act. 735 ILCS 5/3 101 *et seq*. This court has federal question jurisdiction over the constitutional claim. 28 U.S.C. § 1331.[3] Supplemental jurisdiction exists over Shachter's state-law claim. 28 U.S.C. § 1367.

## III. Analysis

The Constitution requires the government to provide a process to prevent the arbitrary exercise of power when depriving an individual of "life, liberty, or property." U.S. Const. amends X, XIV. The correct, i.e. constitutional, amount of process depends

---

[3] Municipalities can be sued directly under § 1983 for monetary, declaratory, or injunctive relief. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). The Declaratory Judgment Act does not confer federal jurisdiction. 28 U.S.C. § 2201(a).

on the private interest at stake, the risk of wrongful deprivation, and the cost to the government of additional procedural protections. *Armstrong v. Daily*, 786 F.3d 529, 545 (7th Cir. 2015) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). The basic requirements are notice, an opportunity to be heard, and a decision by a neutral decisionmaker. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Withrow v. Larkin*, 421 U.S. 35, 46–47 (1975). To prove a procedural due process violation, a plaintiff must show he was deprived of a protected interest and that there were insufficient procedural protections surrounding that deprivation. *Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018) (citation omitted).[4]

Adjudicators are presumed to act with honesty and integrity. *Withrow*, 421 U.S. at 47. To overcome the presumption, a plaintiff must show a "conflict of interest or some other specific reason for disqualification." *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). Just because hearing officers are employed by the City does not mean they are biased in favor of the City. *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 716 (7th Cir. 2000) (citations omitted). The part-time, at-will status of hearing officers does not compromise their ability to perform their duties, even when they depend on the City for secure employment and the City financially benefits from the fines they order. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1352–53 (7th Cir. 1997). More must be alleged to show unconstitutional bias. *Id.* For example, Shachter does not

---

[4] The City does not dispute that Shachter had a protected property interest in the money he spent to pay the fine plus costs. Monetary interests are "less significant" than other property interests, such as the loss of employment or livelihood. *Tucker v. City of Chicago*, 907 F.3d 487, 493 (7th Cir. 2018) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 600 (7th Cir. 2009)).

4

allege that the hearing officers had a direct financial interest in the outcome of the cases. *See Tumey v. Ohio*, 273 U.S. 510 (1927) (where the adjudicator was only paid when he convicted a defendant). Shachter does not allege that the hearing officers had competing municipal responsibilities, like generating revenue, which would tempt them to disregard neutrality. *See Ward v. Village of Monroeville*, 409 U.S. 57 (1972).[5] He does not allege the municipal department prosecuting the violation exercises "significant and disproportionate influence" over the hearing officer assigned to the case or the director of the Department of Administrative Hearings. *Caperton v. A.T. Massey*, 556 U.S. 868, 884 (2009).[6] He does not allege that the hearing officers both judged and prosecuted their cases, like in *In re Murchison*, 349 U.S. 133 (1955), or that they have some other stake that creates a conflict of interest. All that is alleged is that the officers are temporary workers for the City. That status is too tenuous to allege bias or the risk of bias. *See Van Harken*, 103 F.3d at 1352–53.[7]

*Van Harken* is about part-time, at-will hearing officers and not independent contractors hired by the day, but this distinction does not matter. Whether the City

---

[5] Moreover, it "cannot be assumed" that the City wants hearing officers to maximize fines to generate revenue. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1352 (7th Cir. 1997). To protect their position with voters and maintain public confidence in the system, City officials have an interest in fairly adjudicating ordinance violations. *See id.*

[6] *Caperton v. A.T. Massey*, 556 U.S. 868 (2009), did not overrule *Van Harken v. City of Chicago*, 103 F.3d 1346 (7th Cir. 1997). The former case demonstrates when there is an unconstitutional risk of bias and the latter exemplifies when there is not.

[7] Shachter's fine was issued by an "administrative law judge." [1] at 4. To the extent there is a difference between ALJs and hearing officers, ALJs are even more insulated from political pressure than hearing officers, *Van Harken,* 103 F.3d at 1353, suggesting that they would be even less susceptible to bias.

fires hearing officers at-will or decides not to rehire them, the City wields the same discretionary power over their future employment.[8] The nonbinding California cases Shachter cites contradict circuit precedent and are unpersuasive.[9] Finally, even though the maximum fine for uncut weeds was $1,100 more than the maximum fine for parking violations in *Van Harken,* the presumption of honesty and integrity applies regardless of the private interest at stake. Shachter does not show how the higher cost to him created a conflict of interest for the hearing officer. While the City of Chicago hires the administrative hearing officers, raises revenue from fines they order, and is always the plaintiff prosecuting the local violation, there is sufficient economic and bureaucratic separation to rely on the presumption that the hearing officers are not biased. Since the City's reassignment and recusal procedures only matter if there is bias, Shachter's two remaining procedural concerns are irrelevant.

---

[8] Shachter stresses that at-will employees can sue for retaliatory discharge and independent contractors cannot. *See New Horizons Electronics Marketing, Inc. v. Clarion Corp. of America*, 203 Ill.App.3d 332, 336–37 (1st Dist. 1990). But that difference only affects a hearing officer's legal rights, not Shachter's. Furthermore, retaliatory discharge only applies if the discharge violates public policy—a high bar to clear. *Id.* Shachter fails to plausibly suggest that independent contractors are more at risk of bias because they cannot exercise this limited legal right. Additionally, the trial court in *Van Harken* described the hearing officers as independent contractors. *Van Harken v. City of Chicago*, 906 F.Supp. 1182, 1193 (N.D.Ill. 1995), *aff'd as modified,* 103 F.3d 1346 (7th Cir.), *cert. denied,* 520 U.S. 1241 (1997). This is consistent with the City's theory that *Van Harken* analyzed the same employment arrangement, [16] ¶ 8, at issue in this case.

[9] These cases conclude that the lack of secure tenure makes hearing officers vulnerable to partial decision-making, creating an unconstitutional risk of bias, but also include additional facts indicative of bias. *Lucky Dogs LLC v. City of Santa Rosa*, 913 F.Supp.2d 853, 860–63 (N.D. Cal. 2012) (the hearing officers had two-year contracts and could award themselves fees from the losing party); *Haas v. Cty. of San Bernardino*, 27 Cal.4th 1017, 1029 (Cal. 2002) (the municipal entity prosecuting the case selected the adjudicator).

Shachter fails to plausibly allege systemic unconstitutional bias at his administrative hearing, so I need not reach the question of the constitutional adequacy of his state-law remedies. Nevertheless, any final decision by a hearing officer is subject to judicial review in Illinois state court. Chi. Mun. Code § 2-14-102; 735 ILCS 5/3-104. Illinois courts can review allegations of bias and reverse the hearing officer's decision. *See e.g. Cannici v. Village of Melrose Park,* 2017 WL 11438613, at *3 (Ill.Cir.Ct. 2017), *aff'd Cannici v. Village of Melrose Park*, 433 Ill.Dec. 742, 755–56 (Ill.App.1 Dist. 2019) (citations omitted). The deferential standard of review is not controlling where the hearing officer is accused of impartiality. *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008) (citing *Comito v. Police Bd. of City of Chicago*, 251 Ill.Dec. 9, 15–16 (Ill.App.1 Dist. 2000)). Claimants may also raise state and federal constitutional claims about the hearing in state court. *Board of Educ. of Rich Tp. High School Dist. No. 227, Cook County v. Brown*, 244 Ill.Dec. 68, 76–77 (Ill.App.1 Dist. 1999) (citing *Howard v. Lawton*, 22 Ill.2d 331, 333 (Ill. 1961)). If the administrative record is insufficient, the court may remand the case for further evidence. 735 ILCS 5/3–111(7). Thus, the post-deprivation process available to Shachter would provide him with the procedural protections he seeks and more: an independent inquiry into a prejudiced hearing officer, a procedure for additional factfinding, and the ability to raise new constitutional claims.

Shachter's motion for sanctions under Federal Rule of Civil Procedure 11(b)(2) is denied. The City's argument about Shachter's post-deprivation remedies was not

7

frivolous. When adjudicator bias is the result of "random and unauthorized" conduct, adequate post-deprivation remedies at the hands of unbiased decisionmakers is sufficient due process. *Michalowicz*, 528 F.3d at 535 (citation omitted). In these instances, a plaintiff cannot allege a due process violation if he refuses to pursue adequate post-deprivation remedies. *Id.* at 536 (citation omitted).[10] Shachter alleges adjudicator bias as a result of the "system." [1] ¶ 6. In instances where bias is authorized and not random, the City's state-law post-deprivation remedies may be insufficient. *See Van Harken*, 103 F.3d 1353 ("If the Director of Revenue or his subordinates were hearing these parking cases, the plaintiffs would have a stronger case."). Nevertheless, the City may still be correct that Shachter's state-law remedies were more than constitutionally sufficient here, because his monetary interest was less significant, the risk of adjudicator bias was low, and the cost of additional procedural protections, like a new reassignment or recusal system, did not outweigh the benefits of administrative efficiency.[11] *See Cleveland Bd. of Educ.*, 470 U.S. at 545 (a pre-deprivation hearing need not be elaborate; the formality and procedural requisites can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings) (citations and quotation omitted). If anyone

---

[10] The City argues Shachter is seeking judicial review in state court. [24] ¶ 1. Shachter is silent about this fact, so it is disregarded. The complaint here includes a state-law claim for administrative review. [1] at 1.

[11] *See Shachter v. City of Chicago*, 2016 IL App (1st) 150442 (1st Dist. 2016) (the City argued that the efficiency of administrative hearings would be undermined if the proceedings included motion practice).

crossed a line, it was Shachter in his ad hominem attacks on opposing counsel, not the City for making an argument grounded in precedent.

Because Shachter fails to allege he suffered a constitutional injury, he cannot establish municipal liability. *See Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010).[12] Nor can he mount a facial or as-applied challenge to the act governing the City's system of administrative hearings. *See United States v. Salerno*, 481 U.S. 739, 745, 745, n.3 (a claimant must establish that the law cannot operate constitutionally under any set of circumstances or that the law was unconstitutional as applied to the particular facts of his case). Shachter's procedural due process claim fails.

While district courts must provide ample opportunity for pro se litigants to amend their complaints, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019), the opportunity can be denied when amendment would be futile. *MAO-MSO Recovery II, LLC v. State Farm Mutual Automobile Insurance Company*, 935 F.3d 573, 582 (7th Cir. 2019). Shachter's claim of unconstitutional bias rests on his allegation that hearing officers have no job security because their contracts only last a day. [1] ¶ 6; [19] ¶ 9. Nothing in his complaint or response brief suggests that additional facts exist to support a bias theory, like the hearing officers' fee arrangement or other governmental responsibilities. Because Shachter could not fix the absence of bias by repleading, his federal claim is dismissed with prejudice. I decline to exercise

---

[12] To the extent municipal liability would be analyzed, Shachter fails to allege that the City's reassignment and recusal procedures caused his constitutional injury.

9

supplemental jurisdiction over the remaining state-law claim. *See RWJ Management Co., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) ("A general presumption in favor of relinquishment [of supplemental jurisdiction] applies.") This case is in the early stages of litigation, no substantial time has been invested, and Shachter does not argue against the presumption.

## IV. Conclusion

The City's motion to dismiss, [16], is granted. The federal claim for a declaration that the administrative system is unconstitutional is dismissed with prejudice and the state-law claim for review of the administrative decision is dismissed without prejudice for lack of jurisdiction. Enter judgment and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: July 20, 2020